**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Virgil E. Holt, | ) | No. CV-1-04-6073-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| D.G. Stockman, et al., | ) | |
| Defendants. | ) | |

Plaintiff Virgil E. Holt, who is a state prisoner confined in the California Correctional Institution in Tehachapi, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' Motion to Dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b). (Doc. # 43) Having considered the parties' pleadings, the exhibits related thereto, as well as the applicable law, the Court now enters its ruling.

**I.     BACKGROUND**

Plaintiff filed his original complaint on August 9, 2004. (Doc. # 1) Thereafter, Plaintiff filed a first amended complaint on February 7, 2005 (Doc. # 9), and, with leave of the Court, he filed a second amended complaint on May 15, 2006 (Doc. # 17). In his second amended complaint, Plaintiff complains of acts that occurred while he was incarcerated at California State Prison, Corcoran ("CSPC"). Plaintiff alleges that while he was housed in

1  CSPC's security housing unit ("SHU") and awaiting transfer to another facility, he was
2  retained in SHU for an additional 485 days beyond his minimum expected release date.
3  Plaintiff alleges that certain defendants retaliated against him for filing administrative
4  grievances challenging his retention in SHU. (Doc. # 17, p. 2) Plaintiff also alleges that on
5  February 3, 2003, while participating in a "passive protest" (by using a sheet to block
6  visibility into his cell), he was subjected to excessive force when pepper spray was utilized
7  to extract him from the cell. (Doc. # 17, pp. 39-40) Plaintiff further alleges that he was not
8  provided appropriate decontamination following the pepper spray incident. (Doc. # 17, pp.
9  41-44)

10  After screening Plaintiff's second amended complaint, Magistrate Judge William
11  Wunderlich issued an Order on June 18, 2008, recommending the dismissal of Plaintiff's
12  claims relating to violation of due process; general conditions of confinement while retained
13  in SHU; deliberate indifference to serious medical needs; denial of adequate medical care;
14  use of excessive force; and authorizing and failing to abate the use of pepper spray. The
15  Magistrate Judge recommended that the action proceed on Plaintiff's claim of retaliation for
16  filing administrative grievances regarding his retention in SHU (Doc. # 20, pp. 10-12, 17-18)
17  and his claim of inadequate decontamination subsequent to being pepper sprayed. (Doc. #
18  20, pp. 10-11, 17) On August 29, 2008, the Court adopted the findings and recommendations
19  of the Magistrate Judge in full. (Doc. # 29)

20  On December 5, 2008, Defendants filed the instant Motion to Dismiss.[1] Defendants
21  argue that Plaintiff's claims relating to the February 3, 2003 cell extraction are barred
22  because Plaintiff did not exhaust the prison grievance process by filing an appeal before
23  commencing this action.[2]

---

[1] Defendants Zavala, Mendoza, Caldwell, Chrones, Sherman, Vella, Cordova, Terrell, Martinez, Marquez, Stockman, Means, Lowden, Bravo, Silva, Ortiz, Cisneros, Villareal, and Yamamoto have joined in the Motion to Dismiss.

[2] Defendants do not address Plaintiff's claim of retaliation for filing administrative grievances due to his retention in CSPC's SHU and therefore they have waived the affirmative

- 2 -

1    In his opposition to Defendants' Motion to Dismiss (Doc. # 65), Plaintiff argues that he "has filed an administrative appeal as to each claim related to the Feb[ruary] 3, 2003 cell extraction and failure to provide proper decontamination of Plaintiff's cell, body and to provide clean clothing, bedding and mattress prior to filing this lawsuit." Citing Brady v. Attygala, 196 F. Supp. 2d 1016 (C.D. Cal. 2002), and Gomez v. Wilson, 177 F. Supp. 2d 977 (N.D. Cal. 2001), Plaintiff asserts that because his appeals were granted at the informal level in the appeals process – and therefore no further remedies were available to him – he has met the requirements for exhaustion under 42 U.S.C. § 1997e(a).

In their Reply[3] (Doc. # 71), Defendants argue that "Plaintiff did not follow proper administrative procedures by pursuing his claim from the informal to the formal level" and therefore "failed to meet the requirements of the PLRA [Prison Litigation Reform Act] to properly exhaust appeals before bringing a lawsuit." Defendants contend that "[e]ven if CDCR [California Department of Corrections and Rehabilitation] did, in fact, provide all the available administrative relief prior to a Director's Level decision, Plaintiff nevertheless was required to "formally exhaust his administrative remedies to the Director's Level." Defendants argue that "since the Plaintiff did not pursue his grievance at the formal level, CDCR had no notice of Plaintiff's intent to file a lawsuit regarding the use of pepper spray" and therefore "CDCR had no opportunity to attempt to resolve the issues beyond the action taken at the informal level."

/ / /

/ / /

---

defense of nonexhausion with respect to this claim. See Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005) ("§ 1997e(a) establishes an affirmative defense, waived if the defendant does not raise it.") (citing Wyatt v. Terhune, 315 F.3d 1108, 1117-18 & n.9 (9th Cir. 2003)).

[3] Plaintiff has filed a document in opposition to Defendants' Reply titled "Plaintiff's Response and Opposition to Defendants' Reply to Plaintiff's Opposition to Dismiss." (Doc. # 78) Said document not being contemplated by Local Rule 78-230(m), and Plaintiff not having requested leave to file it, the Court will strike "Plaintiff's Response and Opposition to Defendants' Reply to Plaintiff's Opposition to Dismiss" and not consider it in ruling on Defendants' Motion to Dismiss.

## II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    EXHAUSTION PROCESS

To satisfy § 1997e(a), an inmate must exhaust the grievance procedures established by the prison in which the inmate is housed. Jones, 549 U.S. at 218. Under California law, inmates may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). The California Department of Corrections (CDC") grievance process is comprised of a four-tiered hierarchy. See CAL. CODE REGS. tit. 15, § 3084.5. An inmate must first attempt to informally resolve the problem with the "staff involved in the action or decision being appealed." CAL. CODE REGS. tit. 15, § 3084.5(b). If that attempt is unsuccessful, the inmate must submit a formal appeal on an approved form to the correctional institution's appeals coordinator, id., and if unsuccessful there, submit another formal appeal for a second level of review conducted by the warden or his or her designee.

See CAL. CODE REGS. tit. 15, §§ 3084.5(c) & 3084.5(e)(1). If the warden denies the appeal, the inmate must then submit a formal appeal to the director of the CDCR. See CAL. CODE REGS. tit. 15, § 3084.5(e)(2). The director's decision "shall be final and exhausts all administrative remedies available in the Department [of Corrections]." CALIFORNIA DEPARTMENT OF CORRECTIONS OPERATIONS MANUAL § 54100.11. (Doc. # 67, ex. 6)

**IV.    DISCUSSION**

On February 3, 2003, Plaintiff filed a grievance on a CDC 602 appeal form, stating that after being pepper sprayed, he complained to staff and medical personnel that the "chemicals were still severely burning [him]." Plaintiff further stated that he had asked that his person and cell be properly decontaminated, but his request was denied. Plaintiff requested the following relief: that "(1) this matter be looked into, (2) that [he] be provided fresh clothing, (3) that [he] be properly decontaminated, (4) and that [his] cell be properly decontaminated." (Doc. # 67, ex. 2). On February 9, 2003, the 602 form was returned to Plaintiff with the response: "Granted. You were allowed to take a shower on 2/5/03. Cleaning supplies will be issued weekly." (Id.) The response was silent with respect to Plaintiff's request for fresh clothing.

On February 16, 2003, Plaintiff filed another 602 grievance, complaining that "[a]fter I came off management cell status on 2/14/03, I was given the same cloth covered mattress that had been soaked with chemical agents . . . during the 2/3/03 cell extraction. . . . This mattress keeps re-exposing me to the chemical agents, it has contaminated my sheets, blankets and clothing, and it has my skin burning all over." The form was returned to Plaintiff on February 25, 2003, with the response: "Granted. You will be given a new mattress and clothing ASAP."

Defendants argue that Plaintiff did not follow proper administrative procedures by pursuing his claim from the informal to the formal level, and that by initiating a separate appeal, Plaintiff failed to meet the requirement of the PLRA to properly exhaust appeals before bringing a lawsuit. Defendants contend that not all of Plaintiff's requests in his February 3, 2003 grievance were addressed in the informal response, i.e., that the "matter

- 5 -

1    be looked into" and that he "be provided fresh clothing." Defendants contend that instead
2    of filing a "second, separate grievance" on February 16, 2003, Plaintiff should have
3    "proceeded to the next step in the administrative process" by "tak[ing] this appeal to the first
4    formal level." Defendants' argument presumes that Plaintiff's February 16, 2003 request for
5    fresh clothing was related to his February 3, 2003 request. The record demonstrate
6    otherwise.

7    First, the fact that the February 3, 2003 informal response granted Plaintiff's request
8    that his person and cell be decontaminated by providing him with a shower and cleaning
9    supplies presupposes that the "matter [was] looked into." Next, a fair reading of Plaintiff's
10   February 16, 2003 grievance demonstrates that his request for fresh clothing at that time was
11   not related to his February 3, 2003 request but was a new request due to the re-contamination
12   of his clothing and bedding after he was given the same pepper spray-soaked mattress upon
13   returning to his cell on February 14, 2003. (Doc. # 67, ex. 3)  Accordingly, Plaintiff was
14   correct in filing a second, separate grievance with respect to this issue.

15   Defendants argue that even if the CDC did, in fact, provide all of the available
16   administrative relief prior to a Director's Level decision, Plaintiff nevertheless was required
17   to formally exhaust his administrative remedies to the Director's Level. The Court disagrees.
18   "[P]ursuit of an administrative appeal is . . . not required when no relief whatsoever is left
19   available for the inmate to obtain through the prison administrative process. At that point,
20   the inmate has 'nothing [left] to exhaust.'" Brady v. Attygala, 196 F. Supp. 2d 1016, 1020
21   (C.D. Cal. 2002) (quoting Booth v. Churner, 532 U.S. 731 (2001)); accord Gomez v.
22   Winslow, 177 F. Supp. 2d 977 (N.D. Cal. 2001); Allen v. Woodford, 2006 WL 1748587
23   (E.D. Cal. 2006).  Here, upon obtaining the relief requested, there was little else that Plaintiff
24   could seek or the prison could provide. Indeed, a further appeal would have potentially
25   "provide[d] the opportunity that the corrective action taken earlier . . . [would] later be
26   undone." Brady, 196 F. Supp. 2d at 1022. Accordingly, the Court finds that Plaintiff
27   adequately exhausted his administrative remedies with respect to his claims relating to the
28   February 3, 2003 cell extraction.

1 Plaintiff has filed a Motion for Leave to File 3rd Amended Complaint, in which he
2 seeks to add four paragraphs "to reflect exhaustion of administrative remedies" with respect
3 to his retaliation claim. First, as previously explained, exhaustion of administrative remedies
4 is an affirmative defense to be pled by defendants. Jones, 549 U.S. at 216.   Next, as the
5 Court determined above, because Defendants did not plead exhaustion of administrative
6 remedies with respect to Plaintiff's claim of retaliation for filing administrative grievances
7 due to his retention in CSPC's SHU, they waived the defense with respect to this claim.
8 Accordingly, because Plaintiff's proposed amendments are unnecessary, the Court will deny
9 Plaintiff's motion to amend.

10 **V.     CONCLUSION**

11 Based on the foregoing,

12 **IT IS ORDERED** denying Defendants' Motion to Dismiss.  (Doc. # 43)  The case
13 shall proceed on Plaintiff's claim of inadequate decontamination subsequent to being pepper
14 sprayed and his claim of retaliation for filing administrative grievances regarding his
15 retention in SHU as set forth in this Order and the Court's Order of June 18, 2008.  See Doc.
16 # 20, pp. 10-12, 17-18.

17 **IT IS FURTHER ORDERED** directing the Clerk of the Court to strike Plaintiff's
18 "Response and Opposition to Defendants' Reply to Plaintiff's Opposition to Dismiss." (Doc.
19 # 78)

20 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File 3rd
21 Amended Complaint.  (Doc. # 68)

22 In light of the Court's ruling above,

23 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Hearing and Ruling
24 on Plaintiff's Motion/Request to File 3rd Amended Complaint as moot.  (Doc. # 90)

25 The Court has reviewed Plaintiff's "Rule 60(a) Motion for Relief from Judgement
26 Order and Motion to Alter Judgment Order" (Doc. # 60) and corresponding "Rule 62(b)
27 Motion for Stay of Proceedings to Enforce Court Order" (Doc. # 61).  The requested relief
28 having previously been granted by the Court in a February 17, 2009 Order (Doc. # 74),

1  **IT IS FURTHER ORDERED** denying said motions as moot.  (Doc. ## 60, 61)

2  DATED this 23rd day of September, 2009.

_____
Mary H. Murguia
United States District Judge