1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Virgil E. Holt,                      )   No. CV 1-04-6073-PHX-MHM
                                         )
10              Plaintiff,               )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    D. G. Stockman, et al.,              )
13                                       )
                Defendants.              )
14                                       )
                                         )
    _____      )
15

16

17       Pending before the Court are a number of motions that have been filed by Plaintiff.  The

    Court will address each in turn.
18
         1.    Motion to Withdraw Defendants R. Gibson and R. Leon and Request for Leave
19             to Amend to Include Withdrawn Defendants Upon Discovery of Their
               Forwarding Addresses (Doc. # 97)
20
         On August 21, 2009, the Court issued an order to show cause why this action should not
21
    be dismissed as to Defendants R. Gibson and R. Leon for Plaintiff's failure to serve.  (Doc.
22
    # 91)  In response, Plaintiff filed the instant motion, stating that he will "withdraw" these
23
    Defendants, but requests that in the event he locates Defendants' current addresses, he be
24
    allowed to amend his complaint and effect service upon them.  The Court will dismiss this
25
    action with respect to these Defendants without prejudice and will allow Plaintiff until
26
    January 22, 2010, the deadline to join additional parties, to effect service of process upon
27

28

them.  If Plaintiff has not served these Defendants by that date, the action will be dismissed with prejudice as to Defendants R. Gibson and R. Leon without further notice to Plaintiff.

2.      Request for Entry of Default Judgment (Docs. ## 100, 101) and Motion for Default Judgment by the Court (Doc. # 102)

Plaintiff has filed two requests for entry of default and a motion for default judgment based on Defendants' alleged "fail[ure] to plead or otherwise defend in this action and . . . default having been entered."  First, a review of the record demonstrates that default has not been entered in this case by the Clerk of the Court.  Next, although Defendants did not timely file their Answer following the Court's denial of Defendants' Motion to Dismiss, the Court finds that the two-day delay[1] does not warrant entry of default.  Accordingly, the Court will deny Plaintiff's requests and motion for default judgment.  Defendants, however, are cautioned that in the future, filing pleadings beyond the date on which they are due without first having obtained leave of the Court may result in sanctions being imposed, including the striking of the untimely pleading.

3.      Request (Motion) for Court Ordered 'Status Conference' and Order Allowing for, and Instructing on, Pretrial Discovery (Doc. # 103)

Plaintiff requests that the Court issue an order allowing the parties to conduct pretrial discovery.  The Court having issued a Rule 16 scheduling and discovery order on November 3, 2009 (Doc. # 104), Plaintiff's motion will be denied as moot.

Citing Local Rule 37-251(b), Plaintiff also requests that the Court issue an order requiring the parties to engage in a pretrial status conference for the purpose of entering a pretrial scheduling order.  First, Local Rule 37-251(b) is inapplicable to the present situation as it addresses discovery disagreements.  Next, the parties may confer by telephone, email or mail to draft their Joint Proposed Pretrial Order, which is due on October 22, 2010.

/ / /

---

[1] Defendants' Answer was due 10 days (plus 3 days for mailing) following the issuance of the Court's September 24, 2009 Order denying Defendants' Motion to Dismiss, or on October 14, 2009.  See Federal Rules of Civil Procedure 12(a)(4)(A) & 6(a).  Defendants filed their Answer on October 16, 2009.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.    <u>Motion for Temporary Appointment of Legal Representation During the Defendants' Deposition of Plaintiff (Docs. ## 105, 106)</u>

Plaintiff moves for appointment of counsel to represent him during his deposition.  There is no constitutional right to appointment of counsel in a civil case.  <u>See</u> <u>Ivey v. Board of Regents of University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982).  The appointment of counsel in a civil rights case is required only when exceptional circumstances are present.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir. 1986).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  <u>Wilborn</u>, 789 F.2d at 1331 (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding whether or not to appoint counsel.  <u>Id.</u>

The Court finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time.  In addition, Plaintiff has not demonstrated any of the circumstances that warranted appointment of substitute trial counsel in <u>Rayes v. Johnson</u>, 969 F.2d 700, 703-04 (8th Cir. 1992), upon which he relies.  Accordingly, Plaintiff's motion for temporary appointment of counsel will be denied without prejudice.

Accordingly, based on the foregoing,

**IT IS ORDERED** granting Plaintiff's Motion to Withdraw Defendants R. Gibson and R. Leon and Request for Leave to Amend to Include Withdrawn Defendants Upon Discovery of Their Forwarding Addresses.  (Doc. # 97)

**IT IS FURTHER ORDERED** dismissing the action as to Defendants R. Gibson and R. Leon without prejudice and allowing Plaintiff until January 22, 2010 to effect service of process upon them.  If Plaintiff has not served these Defendants by that date, the action will be dismissed with prejudice as to Defendants R. Gibson and R. Leon without further notice to Plaintiff.

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Entry of Default Judgment (Docs. ## 100, 101) and Motion for Default Judgment by the Court (Doc. # 102).

1    **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Court Ordered

2   'Status Conference' and Order Allowing for, and Instructing on, Pretrial Discovery.  (Doc.

3   # 103)

4    **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motions for

5   Temporary Appointment of Legal Representation During the Defendants' Deposition of

6   Plaintiff.  (Docs. ## 105, 106)

7    DATED this 24th day of November, 2009.

8

9

10   _____

11   Mary H. Murguia
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28