1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Virgil E. Holt, | ) | No. CV 1-04-6073-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| D. G. Stockman, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court are Plaintiff's 2nd Request (Motion) to Extend the Court's Rule 16 Scheduling and Discovery Order (Doc. 130), Motion and Request for Emergency Injunction/Relief (Doc. 131), and Motion for Order Compelling Discovery (Doc. 133).

Plaintiff seeks a 90-day extension of the current scheduling order in order to resolve issues related to certain legal property that is missing as a result of his transfer between institutions. Defendants join in Plaintiff's motion, stating that "certain outstanding discovery issues remain between the parties" but that they "expect that all outstanding discovery issues can be resolved . . . within 45 days." Counsel requests the extension of time because of "an increasing workload, including a trial scheduled for October 10, 2010."

Good cause appearing,

**IT IS ORDERED** granting Plaintiff's Motion to Extend the Court's Rule 16 Scheduling and Discovery Order. (Doc. 130)

1    **IT IS FURTHER ORDERED** amending the discovery and motion deadlines as set forth

2    in the Court's November 3, 2009 and May 13, 2010 Orders (Docs. 104, 123) as follows:

3          - All discovery must be completed on or before **October 25, 2010**.

4          - All dispositive motions must be filed no later that **December 23, 2010**.

5          - A Joint Proposed Pretrial Order must be lodged by **February 22, 2011**.

6    In light of Defendants' assurance that "outstanding discovery issues can be resolved . . .

7    within 45 days" (Doc. 132),

8    **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion for Order

9    Compelling Discovery at this time. (Doc. 133) Plaintiff may re-file this motion in the future

10   if he deems it necessary.

11   Plaintiff requests injunctive relief with respect to his "missing box of legal property"

12   containing "the bulk of Plaintiff's legal materials & documents pertinent to this case."

13   Plaintiff requests the Court to issue an injunction commanding the warden and certain prison

14   officials to locate "Plaintiff's missing box of legal property within (7) seven calendar days"

15   or pay both Plaintiff and the Court a $100 fine "for each day that the respondents fail to

16   comply with this Court's order."

17   To establish a right to an injunction, a plaintiff must show that he is "likely to succeed on

18   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

19   the balance of equities tips in his favor and that  an injunction is not contrary to the public

20   interest." American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052

21   (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374

22   (2008)).  Because Plaintiff has not set forth each of these requirements in detail in his motion,

23   **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion and Request

24   / / /

25   / / /

26   / / /

27   for Emergency Injunction/Relief.  (Doc. 131)  Plaintiff may re-submit his motion, if desired,

28   with more detail in order to establish the requirements set forth above.

1

2                      DATED this 7th day of September, 2010.

3

4

5                                    Mary H. Murguia

6                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28