**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Virgil E. Holt,                                     )     No. CV 1-04-6073-PHX-MHM
                                                   )
          Plaintiff,                       )     **ORDER**
                                                   )
vs.                                                )
                                                   )
                                                   )
D. G. Stockman, et al.,                            )
                                                   )
          Defendants.                      )
                                                   )
_____ )

Pending before the Court is Plaintiff Virgil E. Holt's Motion for Order Compelling Discovery (Doc. 135), as well as other motions related thereto (Docs. 141, 142, 143, 144, 145, 146 and 150). Plaintiff argues that "the defendants have collectively failed to provide complete responses to certain . . . discovery requests," that many responses are "vague and evasive," and that several Defendants have failed to verify their responses.

Defendants respond that defense counsel at some point realized that certain responses had not been served and that other responses lacked verifications but that "[a]ll responses have now been served and verified" and that "[a]ny delay was inadvertent." Defendants maintain that Plaintiff's motion to compel production of grievances filed against certain Defendants should be denied because their responses are legally sufficient. Defendants further argue that Plaintiff's motion to compel production of documents pertaining to transfer lists, records,

1 recommendations and bus schedules as well as documents pertaining to rules, policies,

2 operational procedures and training manuals should be denied because Plaintiff has not

3 identified the discovery requests to which he seeks further responses or demonstrated why

4 Defendants' responses are inadequate.  (Doc. 140)

5    Finally, Defendants argue that with respect to the "forty-two individual discovery

6 responses which [Plaintiff] deems 'evasive, vague, incomplete, elusive' or 'partial,'

7 [Plaintiff] has not explained which of the forty-two responses are evasive, vague, incomplete,

8 elusive or partial or in what way they are evasive, vague, incomplete, elusive or partial."

9 Thus, according to Defendants, they are required to "guess at the reasons [Plaintiff] takes

10 issue with the responses."

11    Plaintiff replies that "the large number of defendants coupled with the number of each

12 defendant's discovery responses at issue has made it impossible for Plaintiff to submit a more

13 detailed 'statement of relevance' for each discovery response at issue (approximately 42)."

14 (Doc. 149)

15    While Plaintiff has a right to bring suit against numerous defendants that he believes

16 violated his constitutional rights and to serve multiple discovery requests upon these

17 defendants, the resulting large number of responses does not absolve Plaintiff from the

18 requirement of "identify[ing] specifically the portions of the responses that are inadequate,

19 and explain[ing], at least briefly, what is missing or what kind of information would be

20 necessary to make the responses adequate."  6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

21 PRACTICE ¶ 37.05(5) (3d ed. 1991) (citing James N. Pappas & Sons, Inc, v, McDonald's Corp.,

22 21 Fed. R. Serv. 2d 773, 773 (D.D.C. 1976)).

23    Accordingly, the Court will deny Plaintiff's Motion for Order Compelling Discovery

24 without prejudice and allow Plaintiff to file a revised motion, if he so desires.  However, any

25 motion filed by Plaintiff must comply with the requirements set forth above, i.e., Plaintiff

26 must identify with specificity the portion of each response that he deems to be inadequate and

27 explain what is missing or what kind of information would be necessary to make the response

28

1  adequate.  In the event Plaintiff files a revised motion lacking the specificity outlined above,

2  Plaintiff risks having the motion denied with prejudice.

3      Based on the foregoing,

4      **IT IS ORDERED** denying without prejudice Plaintiff's Motion for Order Compelling

5  Discovery.  (Doc. 135)

6      **IT IS FURTHER ORDERED** allowing Plaintiff to file a revised motion to compel

7  within 21 days of the filing of this order if he so desires.

8      In light of the Court's ruling above,

9      **IT IS FURTHER ORDERED** granting Plaintiff's Request (Motion) for a 21-day

10  Extension of Time to Re-File Motion to Compel.  (Doc. 141)

11      **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion and Request for Leave

12  to Supplement Motion to Compel.  (Doc. 142)

13      **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion and Request for Leave

14  to File Response/Reply to Defendant's Opposition to Motion to Compel.  (Doc. 143)

15      **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Hearing on his

16  Motion for Order Compelling Discovery.  (Doc. 144)

17      **IT IS FURTHER ORDERED** denying as moot Plaintiff's Request (Motion) for Notice

18  on the Court's Calendared Hearing Date on Plaintiff's Motion to Compel and Defendants'

19  Opposition to Motion to Compel.  (Doc. 145)

20      **IT IS FURTHER ORDERED** denying Plaintiff's Motion and Request to Hold

21  Proceedings in Stay and Abeyance.  (Doc. 146)

22  / / /

23

24

25

26

27

28

1    **IT IS FURTHER ORDERED** granting Plaintiff's Motion and Request to Amend and

2  Supplement Exhibit "A" of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion

3  to Compel.  Plaintiff may, but is not required, to supplement the record with this document

4  if he so desires.  (Doc. 150)

5    DATED this 18th day of February, 2011.

6

7

8  _____
                        Mary H. Murguia
9                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28